### Asa W. Russell *versus* Calvin Copeland.

The obligor in a bond for the conveyance of real estate, after demand for a deed, is entitled to a reasonable time to prepare it.

And where the note, on the payment of which the conveyance is to be made, is paid to an indorsee, the obligor is entitled to reasonable notice that the condition is fulfilled before he makes his deed; but it is not necessary that the note should be exhibited to him.

Where a bond for the conveyance of land, after reciting the conditions upon which the conveyance should be made, stipulates that the obligee shall pay all taxes upon the land; *held*, that the payment of the taxes was not a condition precedent to the conveyance.

Nor can the obligor set up in defence, that the obligee had not in readiness a mortgage deed of the same premises, provided in the condition to be given on receiving the conveyance, to secure the balance of the purchase money.

In such action, on breach of the bond, the damages are the value of the land, at the time it should have been conveyed.

Nor can the obligee's right of recovery be defeated by a tender of a deed after action brought.

Debt upon a bond, for the conveyance of land from defendant to the plaintiff. The bond was in the penal sum of $800, reciting that the obligee was to pay for the land $800, for which he had then given his eight notes of $100 each, payable, one of them each year, with interest, and conditioned that the obligee should have a deed, if he should punctually pay the first note, and give back a mortgage to secure the residue. After the statement of the condition, a stipulation was subjoined that the " obligee should pay all taxes."

The notes were negotiated to one Hill, and the plaintiff paid to him the first before it was payable.

The remaining notes were unpaid, and had been passed back into the hands of the defendant.

On the trial, it appeared that the plaintiff, in July, 1844, after the expiration of the first year, met the defendant in a carriage,

Russell *v.* Copeland.

in the town in which both parties lived. The plaintiff then asked defendant for a deed, and he said he would attend to it in a few days. He was asked to set some time, when he would attend to it; and was urged so to do. The defendant said he would attend to it soon, that the plaintiff was safe on his bond, and that he wished to see his counsel first. The plaintiff did not exhibit the note he had paid, or say any thing about having paid it. The writ in this suit was dated August 16, and served on the defendant, Sept. 17, 1844.

It also appeared that after this action was commenced, and on the 30th September, 1844, the defendant tendered to the plaintiff a deed of the premises, which the plaintiff refused to accept. The defendant asked plaintiff several times, whether he had his mortgage ready. At that time, the defendant told him that he had called on him several times for his deed, which was not denied.

There was no evidence upon the question of damages, other than that exhibited by the papers in the case.

The Court, WELLS, J., instructed the jury that such a demand, if the defendant made no objection to the time and place as unsuitable, was sufficient; that they must be satisfied the defendant had knowledge of the payment of the note at the time of the demand; that it was not necessary that the plaintiff should have exhibited the note at that time, or that there should be any positive or express evidence of such knowledge, but that the jury might infer such knowledge from the language and conduct of Copeland at the time of the demand and of the tender of the deed; that the making and having in readiness a mortgage by plaintiff, and payment of taxes, were not necessary to entitle the plaintiff to maintain this action, but that defendant had a right to a mortgage when he tendered a deed to the plaintiff, if it was accepted; that the tender, after this action was brought, was too late, and was inoperative; and that, if they found for the plaintiff, the measure of damages would be the penalty named in the bond and interest.

The jury returned a verdict for the plaintiff, and the defendant filed exceptions.

*J. Crosby*, for plaintiff.

*A. Knowles*, for defendant.

TENNEY, J. — By the terms of the condition in the bond, the defendant was obliged, upon the payment to him, first to be made, if within the time stipulated in the note, to convey the land described in the bond. If he had held the note at the time of the payment, he would have been entitled to a reasonable time after demand in which to have made and executed the deed. As he did not receive the money himself, he had the same opportunity to prepare and execute the deed after the demand, and after he had obtained knowledge, reasonably satisfactory, that the payment had been made. He should have knowledge, that the condition, which the plaintiff was to fulfil to entitle him to a deed, had been performed, before he was required to have it prepared. But the law does not require, that the note taken up, should have been presented to him as the evidence, that it had been paid. His knowledge of the payment, could be shown by any competent proof, like any other fact.

The evidence, that the plaintiff demanded the deed of the defendant was, that he called upon the defendant in the highway, first having been to his house for the purpose, and expressed his wish, that the conveyance should be made, several months after the payment of the note; that the defendant replied he would attend to it in a few days; and upon being urged to appoint a time, when it should be done, he said that he would attend to it soon, and that the defendant was safe by his bond. Also when the defendant tendered a deed to the plaintiff after the commencement of this action, the latter stated, he had called upon him several times for the deed, but was unable to obtain it, which the former did not gainsay. This evidence, if true, was sufficient to authorize the jury to find for the plaintiff upon this point.

The defendant cannot avail himself of the omission on the part of the plaintiff, to discharge the taxes assesssed upon the land ; the condition in the bond required no such duty of him, before he was entitled to receive a deed.

Was it necessary, that the plaintiff should have tendered a mortgage deed of the land at the time of the demand upon the defendant, for a conveyance ? The title of the land had never passed from the defendant, and without a deed from him, the mortgage deed could not have been of the least benefit. A ceremony that is useless, the law does not require. All that was necessary on the part of the plaintiff, was a readiness to conform to his part of the contract. The defendant was not bound to make delivery of the deed, without receiving the mortgage at the same time, for the security of the residue of the purchase money, but he was required after the plaintiff had made payment of the money, in fulfilment of his agreement, and a readiness to do every thing else incumbent on him was manifested, to have done all which was necessary to make the conveyance, short of the actual delivery of the deed, before he could exact the security contemplated. *Smith & al.* v. *Jones,* 3 Fairf. 332.

The tender of the deed after the commencement of this action, was subsequent to the breach of the bond, and resort to legal means for indemnity according to the evidence, and could have no tendency to defeat a recovery, if the plaintiff was 'otherwise entitled to maintain the suit.

The penal sum in the bond, is eight hundred dollars, and the consideration therefor was the plaintiff's notes for the same sum, drawing interest from their dates. The case shows that no other evidence was adduced on the subject of damages. The notes, excepting the first, are unpaid and in the defendant's hands. No offer has been made by the defendant to cancel the unpaid notes, or surrender them to the plaintiff. The loss, which the plaintiff has sustained, by the failure to make and deliver the deed by the defendant, is the value of the land at the time, when the conveyance should have been made, and interest thereon. The value of the land at the

time of the contract was fixed by the parties, and the case exhibits nothing tending to show that the value has since changed. *Hill* v. *Hobart & al.* 16 Maine, 164. The jury were allowed by the instructions to add to the penalty, the interest as damages. It does not appear from what time the jury were instructed that the computation of interest should commence, nor does it appear from the case, what was the amount of the verdict. `It cannot be assumed, therefore, that interest was allowed from an earlier time, than was proper.

*Exceptions overruled.*